1  STANLEY GOFF (Bar No. 289564)
   LAW OFFICE OF STANLEY GOFF
2  15 Boardman Place Suite 2
   San Francisco, CA 94103
3  Telephone: (415) 571-9570
   Email: scraiggoff@aol.com
4
   Attorney for Plaintiffs
5
                    UNITED STATES DISTRICT COURT
6            FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYCE MCLEMORE AS REPRESENTATIVE, **_Including All Parties Listed and Incorporated Herein_**; and Doe Plaintiffs 1-1,500, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br><br>MARIN COUNTY, MARIN HOUSING AUTHORITY, LEWIS JORDAN, BERNADETTE STUART, MARIN HOUSING AUTHORITY COMMISSION and DOES 1-100 Inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. (Violation of CC § 1941.1 Against MARIN HOUSING AUTHORITY, LEWIS JORDAN AND BERNADETTE STUART)**<br><br>**2. (Violation of Plaintiffs' Rights Pursuant to 24 U.S.C. § 1437a(a)(1) Against LEWIS JORDAN, BERNADETTE STUART and Does 1 to 100)**<br><br>**3. (Violation of Plaintiffs' Rights Pursuant to 24 U.S.C. § 1437p Against Marin Housing Authority)**<br><br>**4. (Violation of Plaintiffs Rights Pursuant to 5 U.S.C. § 701(B)(1) Against Marin Housing Authority)**<br><br>**5. (Violation of Plaintiffs' Rights Pursuant to 42 U.S.C §1983 Fourteenth Amendment (Deliberate Indifference)**<br><br>**6. (Negligence – Against MARIN COUNTY DOE DEPARTMENT OF ENVIRONMENAL HEALTH EMPLOYEES and Does 1 to 100)** |

1

**7. INJUNCTIVE RELIEF (Against MARIN COUNTY HOUSING AUTHORITY AND LEWIS JORDAN and Does 1 to 100)**

**JURY TRIAL DEMANDED**

Plaintiffs RESIDENTS of Golden Gate Village Public Housing located in the City of Marin. ("PLAINTIFFS"), individually and on behalf of all others similarly situated, demanding a jury trial, bring this class action against all named Defendants as well as DOES 1-100; inclusive, for general, consequential, compensatory, punitive, injunctive relief and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct.

**I. PARTIES**

1. Class Plaintiffs are residents of Golden Gate Village Housing Project, consisting of individuals who have been living in the Golden Gate Village Housing Project Community, from 2012 to the present. Plaintiffs also include the following adult and minor Plaintiffs and those Plaintiffs listed and incorporated herein as though fully set forth in this paragraph, plus Doe Plaintiffs 1-1,500:

1. Damian Morgan
2. J.B Jackson Jr.
3. Karen E. Asby
4. Shienna Mitchel
5. Jaquana Moses
6. Rachael Brown
7. Joe Lewis
8. Gina Griffen
9. Alex Hoff
10. Kakaya Adams
11. Malachia Hoover
12. Melvin Judson
13. Elizabeth Troupe R.
14. Karen Accacia Carter
15. Monique Rover
16. Shannon Bynum
17. Kimberly Robinson
18. Al Roberts
19. Lillie Richardson
20. Abrena Johnson
21. Orunn Crawford
63. Marie Fourshey
64. Denise Daly
65. Demetriuse Barrow
66. Katelyn Lopez
67. Katherine Buquia
68. Terrie Daniels
69. Lanesha Jamerson
70. Ralph Wilson
71. Terry R. Thompson
72. Shandi Anderson

21. Nathan Coleman
22. Jarome Carey
23. Latishia Kassa
24. Brenda Ford
25. Lawana Cook
26. Pamela Williams
27. Damien Trammell
28. Curtis Lawson
29. Maristel Magispoc
30. Whitney Polk
31. Roderick Bradley
32. Tracie Allison
33. Donesha Atkins
34. Gustasa Wilson
35. Cynthia Jevarian
36. Esther Williams
37. Joaquin Ramirez
38. Hazel Goff
39. Janeya Wiggis
40. Hattie Cook
41. Deborah Johnson

42. June Farmer
43. Lynette Sheldon
44. Shana Williams
45. Leshea Coleman
46. Royce Mclemore
47. Nathaniel Williams
48. Kenya Thompson
49. Shayla Davis
50. John Harris Jr.
51. Tawnie Pearson
52. Tracia Brown
53. Starr Lamare
54. Monica White
55. Shawntrese Richardson
56. Alia Brown
57. Samra Hameed
58. Ava Tate
59. Karla Ramirez
60. Christopher Blakemore
61. Chavon White
62. Tyronne Ruffin

73. Karen Fabec
74. Aqueda Espinoza
75. Adriana Campos
76. Janine Wiggins
77. Tiera Foster
78. Estefana Alvarez
79. Golden Gate Village Resident Council

**DOE PLAINTIFFS**

2. DOE PLAINTIFFS 1-1,500 are former or current residents of Golden Gate Village

Public Housing, consisting of individuals who have been living in Golden Gate Village, from

2010 to the present but have not to date discovered the elements of their causes of action. This

action will be amended to include DOE PLAINTIFFS 1-1,500 when those PLAINTIFFS have

ascertained and discovered each element of each cause of action against each of the named

DEFENDANTS herein.

3. Defendant MARIN COUNTY is a legal entity established under the laws of the state of

California with all the powers specified and necessarily implied by the Constitution and laws of

the State of California, and is a municipality located within the Northern District of California,

who operates and controls the Marin County Department of Environmental Health.

4. Defendant MARIN HOUSING AUTHORITY is a legal entity established under the

laws of the state of California with all the powers specified and necessarily implied by the

Constitution and laws of the State of California, and is a municipality located within the

Northern District of California.

5. Defendant LEWIS JORDAN is the Executive Director of the Marin Housing Authority

and was employed by Marin Housing Authority at the time of all of the incidents alleged in this

complaint. This Defendant is being sued in his individual capacity.

6. Defendant BERNADETTE STUART is the property manager of the Marin Housing Authority and was employed by Marin Housing Authority at the time of all of the incidents alleged in this complaint. This Defendant is being sued in her individual capacity.

7. Defendant MARIN HOUSING AUTHORITY COMMISSION is a commission appointed by the Marin County Board of Supervisors who's function was to govern the Marin Housing Authority at the time of all of the incidents alleged in this complaint. These Defendants are being sued in their individual capacities.

8. Defendants DOES 1-100 were employed by Marin Housing Authority and Marin County at the time of all of the incidents alleged in this complaint, whose identities and capacities are unknown at this time to the Plaintiffs. These Doe Defendants are being sued in their individual capacities.

9. All defendants acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

10. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367 as those claims form part of the same case and controversy under Article III of the United States Constitution.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Marin County, which is located in this district.

## V. STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

12. State law requires landlords to maintain standards of habitability and compliance with multiple housing codes. Cal. Civ. Code §1941.1, Cal. Health & Saf. Code §§17960-17992. Section 1941.1 requires dwelling units to have effective waterproofing, unbroken windows and doors, plumbing and toilets in good working order, water supply providing hot water, heat, electrical systems in good working order, building grounds kept clean, free of filth, debris, rubbish, rodents and vermin.

13. Private building inspectors hired by the residents of Golden Gate Village have discovered numerous units at Golden Gate Village to contain unsafe and outdated electrical subpanels and other electrical code violations constituting fire hazards requiring replacement. Heating temperature controls in these units did not function. There was no heat in the bathrooms. Hot water pipes were not insulated or protected creating burn danger particularly for small children, and sheet metal covers on radiators could not be removed to clean coil fins. As a consequence, the heater fins are heavily coated with dust and debris, which creates ongoing air quality concerns.

14. Windows in the units inspected are frequently stuck and cannot be opened which violates fundamental ventilation and safety requirements for fire egress. All units inspected have evidence of active rodent infestation, mold. Further, trash receptacles throughout the whole property are left unclean and the building and grounds are not maintained in a clean and sanitary way. The units inspected represent only 1% of the units in the community and contained documented habitability conditions described above.

15. The Golden Gate Village Residents Council has compiled a comprehensive list of 98 units with complaints - roughly a third of all units. The most recent Department of Housing and Urban Development survey gave GGV a score of 52 out of 100 which put it in the bottom ten percent of all HUD housing in the United States. The Bay Area Inspectors and HUD reports can be accessed at:

https://www.dropbox.com/sh/cqmmj6bv00gw747/AADUPbwL7r6u7JbMB3wcXHbAa?dl=0

16. The private inspection and HUD's national rating, make abundantly clear that the Marin Housing Authority has failed to maintain habitable conditions in many of the 296 GGV units.

17. The Plaintiffs through their Golden Gate Village Residents Council have lodged numerous complaints regarding these deplorable conditions at Golden Gate Village to the Director of the Marin Housing Authority Defendant Lewis Jordan, Defendant Bernadette Stuart and Defendant Marin County Department of Environmental Health placing these defendants on notice of the habitability and environmental health issues plaguing this property.

18. These complaints have been lodged with Defendants Jordan, Stuart and the Marin County of Environmental Health since 2011, and no action has been taken to address the above-listed habitability and environmental health issues.

19. As a result of the Defendants' failure to address the living conditions at Golden Gate Village, the Plaintiffs have suffered numerous related health problems and extreme emotional distress.

20. It is alleged based on belief that the Marin Housing Authority has engaged and is actively engaged in racial discrimination in housing and community development opportunities in violation of the Fair Housing Act of 1968.

21. It is alleged based on belief that the Marin Housing Authority has created and is actively implementing policies and practices undertaken in an effort to demolish and, or dispose of its only family public housing stock in the entire Marin County and that these policies involve the intentional failure to address or abate unsafe and outdated electrical subpanels and other electrical code violations constituting fire hazards requiring replacement, heating temperature controls, no heat in the bathrooms, water pipes not being insulated or protected creating burn danger particularly for small children, heater fins heavily coated with dust and debris, which creates ongoing air quality concerns, ventilation and safety requirements for fire egress, active rodent infestation and mold. Further, Marin Housing Authority has intentionally allowed for trash receptacles throughout the whole property to be left unclean and the building and grounds to not be maintained in a clean and sanitary manner.

22. It is alleged based on belief that the Marin Housing Authority has engaged in these policies and practices partly or primarily for the purpose of causing the Golden Gage Village property to fall into such disrepair so as to justify the demolition and disposition of the Golden Gate Village Public Housing Project.

23. It is alleged based on belief that the Marin Housing Authority Director Lewis Jordan and property manager Bernadette Stuart and DOES 1-50 have engaged in the intentional failure to address or abate unsafe and outdated electrical subpanels and other electrical code violations constituting fire hazards requiring replacement, heating temperature controls, no heat in the

bathrooms, water pipes not being insulated or protected creating burn danger particularly for small children, heater fins heavily coated with dust and debris, which creates ongoing air quality concerns, ventilation and safety requirements for fire egress, active rodent infestation and mold. Further, these Defendants have intentionally allowed for trash receptacles throughout the whole property to be left unclean and the building and grounds to not be maintained in a clean and sanitary manner.

24. It is alleged based on belief that the Marin Housing Authority Director Lewis Jordan and property manager Bernadette Stuart and DOES 1-50 have engaged in the intentional failure to address or abate the habitability issues plaguing Golden Gate Village, partly or primarily for the purpose of causing the Golden Gage Village property to fall into such disrepair so as to justify the demolition and disposition of the Golden Gate Village Public Housing Project.

25.  It is alleged based on belief that the Marin County Department of Environmental Health has engaged in the intentional failure to address or abate the environmental health issues plaguing Golden Gate Village despite being put on notice of these environmental issues for over nine years, and that this intentional failure to enforce the environmental laws designed to protect the Plaintiffs was partly or primarily for the purpose of causing the Golden Gage Village property to fall into such disrepair so as to justify the demolition and disposition of the Golden Gate Village Public Housing Project.

26. It is alleged based on belief that as a result of these policies created and implemented by Marin Housing Authority and the intentional failure to act to abate and or repair all of the habitability violations by Lewis Jordan and Bernadette Stuart, African American families, who comprise 58% of the population currently living in the affected public housing project located in

Marin City, are suffering racial discrimination in housing and community development opportunities.

27. It is alleged based on belief, that Marin County is one of the wealthiest counties in the United States per capita income.  It is also 80% White.  African Americans comprise 2.8% of Marin County; however they comprise 38.1% of Marin City, which was 75% African American 15 years ago.  Of that 38.1%, or the 1,017 African Americans residing in Marin City, approximately 398, or 39% of the African American population residing in the city, live in public housing. In fact, Marin County spent $17 million to repair the roof at the Civic Center in 2019, yet has not found the funds to replace fire prone electrical systems, rodents and other conditions at Golden Gate Village.

28. It is alleged based on belief that the intentional elimination of useful public housing occupied almost exclusively by African American families stemming from Marin Housing Authority's policies will displace African American families who had attained affordable housing security in Marin County, while compounding the lack of housing opportunities for African Americans in general by increasing the already significant affordable housing deficiency within Marin County.

29. It is alleged based on belief that Marin Housing Authority, Lewis Jordan and Bernadette Stuart are engaged in the active planning of the demolition and disposition of the Golden Gate Village Public Housing Project, and that this planning has taken place at the exclusion of the Golden Gate Village Resident Council, which amounts to a conspiracy to violate 24 U.S.C. § 1437p.

30. It is alleged based on belief that the Marin Housing Authority, Lewis Jordan and Bernadette Stuart engagement in the active planning of the demolition and disposition of the Golden Gate Village Public Housing Project, at the exclusion of the Golden Gate Village Resident Council, is denying all Golden Gate Village residents in general and African Americans residents at Golden Gate Village in particular due process in the Marin County community development process in violation of 42 U.S.C. § 1983 and the Fair Housing Act of 1968.

31. It is alleged based on belief that HUD is mandated to place a moratorium on any federal approval of any application for demolition and, or disposition submitted by the Marin Housing Authority, until such time that a legally binding and enforceable redevelopment cooperative agreement is entered into by the Marin Housing Authority and the Golden Gate Village Resident Council, and is thereafter submitted to HUD as proof of the Marin Housing Authority's compliance with 24 U.S.C. §1437p.

## VII. CLASS ACTION ALLEGATIONS

32. PLAINTIFFS bring this lawsuit as a class action and on behalf of themselves and all others who are similarly situated. The class is composed of all persons who are residents of Golden Gate Village, consisting of individuals who have been living within that community from 2012 to the present.

33. The members of the class are so numerous, approximately 1,500 residents, that joining them all individually would be impracticable. PLAINTIFFS don't know the exact number of the members of the class at this time, but the number and identity of the class members is easily ascertainable through DEFENDANTS' business records.

34. PLAINTIFFS have the same interest in this matter as all other members of the class.

11

35. PLAINTIFFS' claims are typical of all the members of the class.

36. A well-defined community of interest in the questions of law and fact involving all members of the class exists.

37. Common questions of law and fact predominate over questions that may affect only individual class members.

**Questions of Law:**

1. The nature and application of DEFENDANTS' statutory duties to avoid the active planning of the demolition and disposition of the Golden Gate Village Public Housing Project, at the exclusion of the Golden Gate Village Plaintiffs, in violation of 42 U.S.C. § 1983 and the Fair Housing Act of 1968.

2. The nature and application of DEFENDANTS' duties to avoid the intentional elimination of useful public housing occupied almost exclusively by African American families stemming from Marin County Housing Authorities policies that will displace African American families, while compounding the lack of housing opportunities for African Americans in general.

3. The nature and application of the DEFENDANTS' duties with respect to the operation, management and supervision of the Golden Gate Village Housing Project to ensure that the property maintained in a safe, clean and sanitary manner.

**Common Questions of Fact:**

1. Did the DEFENDANTS' breach their duties to avoid the active planning of the demolition and disposition of the Golden Gate Village Public Housing Project, at the exclusion of the Golden Gate Village Plaintiffs, in violation of 42 U.S.C. § 1983 and the Fair Housing Act of 1968?

2. Did the DEFENDANTS' breach their duties to avoid the intentional elimination of useful public housing occupied almost exclusively by African American families stemming from Marin County Housing Authorities policies that will displace African American families, while compounding the lack of housing opportunities for African Americans in general?

3. Did the DEFENDANTS' breach their duties with respect to the operation, management and supervision of the Golden Gate Village Housing Project to ensure that the property maintained in a safe, clean and sanitary manner?

38. PLAINTIFFS' claims are typical of all class member claims because all class members' claims arise from DEFENDANTS':

1. Active planning of the demolition and disposition of the Golden Gate Village Public Housing Project, at the exclusion of the Golden Gate Village Plaintiffs, in violation of 42 U.S.C. § 1983 and the Fair Housing Act of 1968.

2. Intentional elimination of useful public housing occupied almost exclusively by African American families stemming from Marin County Housing Authorities policies that will displace African American families, while compounding the lack of housing opportunities for African Americans in general.

3.  Failure to properly operate, manage and supervise the Golden Gate Village Housing

Project to ensure that the property was maintained in a safe, clean and sanitary manner;

39. The evidence and the legal issues regarding the DEFENDANTS' wrongful conduct are substantially identical for PLAINTIFFS and all of the class members.

40. DEFENDANTS have acted or failed to act on grounds generally applicable to all class members, making equitable relief—e.g., restitution to each class member—appropriate to the class as a whole.

41. The court should certify the class because common questions of law and fact predominate over individual questions. Legal issues regarding duty and standard of care are common to all class members' claims. Factual issues regarding breach and the measure of restitution are common to all class members' claims.

42. A class action is superior to all other available procedures for the fair and efficient adjudication of these claims. Even if any individual class member could afford individual litigation, it would be unduly burdensome to the courts in which the separate lawsuits would proceed. A single class action is preferable to separate, individual lawsuits because it provides the benefits of unitary adjudication, economies of scale, and comprehensive adjudication by a single court.

**REPRESENTATIVE ROYCE MCLEMORE**

43. Is an educated, articulate professional who will fairly and adequately protect the interests of the members of the class.

44. PLAINTIFF does not have interests that are contrary to or in conflict with those of the members of the class they seek to represent. PLAINTIFFS' undersigned counsel is

14

1    experienced and capable of managing a class action of this anticipated size and complexity, and

2    will vigorously prosecute the class claims.

3        45. The prosecution of separate, individual lawsuits by individual members of the class

4    would create a risk of inconsistent or contradictory findings of fact and law—which could

5    impose incompatible standards of conduct for DEFENDANTS—and would lead to repetitious

6    trials of the numerous common questions of fact and law.

7        46. PLAINTIFFS know of no difficulty that will be encountered in the management of

8    this litigation that would preclude its maintenance as a class action. As a result, a class action is

9    superior to other available methods for the fair and efficient adjudication of these claims.

10       47. Class members may be identified and notified of developments in this class action

11   through state or nationwide publications.

12       48. PLAINTIFFS and class members have suffered financial losses and irreparable harm

13   as a result of DEFENDANTS' wrongful conduct. Without a class action, PLAINTIFFS and

14   members of the class will continue to suffer losses, thereby allowing DEFENDANTS' wrongful

15   conduct to proceed without remedy, contrary to California law, federal law and public policy.

16                                **FIRST CAUSE OF ACTION**
     **(Against MARIN HOUSING AUTHORITY LEWIS JORDAN, BERNADETTE STUART**
17               **and Does 1 to 100 uninhabitable conditions)**

18       **49.** Plaintiffs re-allege paragraphs 1 to 48 of this Complaint and incorporate them herein.

19   Defendant Marin Housing Authority Director Lewis Jordan had a statutory duty under the laws

20   and the regulations of the State of California including but not limited to CC § 1941.1 , to

21   maintain the premises of Golden Gate Village in a safe and habitable condition and the defendant

22   breached this statutory duty, by refusing to address or abate unsafe and outdated electrical

23

                                        15

subpanels and other electrical code violations constituting fire hazards requiring replacement, heating temperature controls, no heat in the bathrooms, water pipes not being insulated or protected creating burn danger particularly for small children, heater fins heavily coated with dust and debris, which creates ongoing air quality concerns, ventilation and safety requirements for fire egress, active rodent infestation and mold. Further, Marin County Housing Authority Director Lewis Jordan has intentionally allowed for trash receptacles throughout the whole property to be left unclean and the building and grounds to not be maintained in a clean and sanitary manner.

50. Defendants are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

51. Defendants as public employees are not exonerated or immune from liability for causing the Plaintiffs to suffer harm pursuant to California Government Code Section 820.8.

52. Because Defendants were acting employees of Marin Housing Authority at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of Marin Housing Authority at the time of the incidents in question, Marin Housing Authority is also liable to the Plaintiffs for violating § 1941.1, pursuant to California Government Code §815.2.

**SECOND CAUSE OF ACTION**
**(Violation of Plaintiffs Rights Pursuant to U.S.C. § 1437a(a)(1); 42 U.S.C §1983 Against LEWIS JORDAN, BERNADETTE STUART and Does 1 to 100)**

53. Plaintiffs re-allege paragraphs 1 to 52 of this Complaint and incorporate them herein. Defendants Lewis Jordan and Bernadette Stuart violated his duty pursuant to 42 U.S.C. § 1437a(a)(1) to provide each of the Plaintiffs a decent, safe and sanitary dwelling with all

necessary appurtenances thereto, by refusing to address or abate unsafe and outdated electrical subpanels and other electrical code violations constituting fire hazards requiring replacement, heating temperature controls, no heat in the bathrooms, water pipes not being insulated or protected creating burn danger particularly for small children, heater fins heavily coated with dust and debris, which creates ongoing air quality concerns, ventilation and safety requirements for fire egress, active rodent infestation and mold. Further, Defendants intentionally allowed for trash receptacles throughout the whole property to be left unclean and the building and grounds to not be maintained in a clean and sanitary manner.

**(Violation of Plaintiffs Rights Pursuant to U.S.C. § 1437a(a)(1); 42 U.S.C §1983 Against Marin Housing Authority)**

54. Plaintiffs re-allege paragraphs 1 to 53 of this Complaint and incorporate them herein. Defendant Marin Housing Authority is a "person" within the meaning of 42 U.S.C. § 1983, and that it violated its duty pursuant to 42 U.S.C. § 1437a(a)(1) to provide each of the Plaintiffs a decent, safe and sanitary dwelling with all necessary appurtenances thereto, by creating and actively implementing policies involving the intentional failure to address or abate unsafe and outdated electrical subpanels and other electrical code violations constituting fire hazards requiring replacement, heating temperature controls, no heat in the bathrooms, water pipes not being insulated or protected creating burn danger particularly for small children, heater fins heavily coated with dust and debris, which creates ongoing air quality concerns, ventilation and safety requirements for fire egress, active rodent infestation and mold. Further, Marin Housing Authority has intentionally allowed for trash receptacles throughout the whole property to be left unclean and the building and grounds to not be maintained in a clean and sanitary manner.

17

### THIRD CAUSE OF ACTION
**(Violation of Plaintiffs Rights Pursuant to U.S.C.** 24 U.S.C. § 1437p **42 U.S.C §1983)**

55. Plaintiffs re-allege paragraphs 1 to 54 of this Complaint and incorporate them herein. Defendant Marin Housing Authority, Lewis Jordan and Bernadette Stuart are engaged in the active planning of the demolition and disposition of the Golden Gate Village Public Housing Project, and that this planning has taken place at the exclusion of the Golden Gate Village Resident Council, in violation of 24 U.S.C. § 1437p.

### FOURTH CAUSE OF ACTION
**(Violation of Plaintiffs Rights Pursuant to** 5 U.S.C. § 701(B)(1) **Against Marin Housing Authority)**
**ADVERSE DISPARATE IMPACT ON AFRICAN-AMERICANS, WOMEN, AND FAMILIES WITH CHILDREN**

56. Plaintiffs re-allege paragraphs 1 to 55 of this Complaint and incorporate them herein. Defendant Marin Housing Authority is an agency within the meaning of 5 U.S.C. § 701(b)(1) of the Administrative Procedure Act. Defendants' actions as described above will have an adverse disparate impact upon plaintiffs as African-Americans, female-headed households, and families with children, and therefore, constitute a violation of the Fair Housing Act, 42 U.S.C. §§ 3604, 3613.

### FIFTH CAUSE OF ACTION
**(Violation of Plaintiffs' Rights Pursuant to 42 U.S.C §1983 Fourteenth Amendment (Deliberate Indifference) Against MARIN COUNTY DOE DEPARTMENT OF ENVIRONMENAL HEALTH EMPLOYEES and Does 1 to 100)**

57. Plaintiffs re-allege paragraphs 1 to 56 of this Complaint and incorporate them herein. Defendant Marin County Doe employees of the Department of Environmental Health owed the Plaintiffs of Golden Gate Village an affirmative duty to investigate and stop the environmental hazards (rodent infestation, the non clean up of trash receptacles, extreme levels of mold, etc..)

that were created by the Marin Housing Authority, Lewis Jordan and Bernadette Stuart and to enforce all environmental laws to safeguard the Plaintiffs from exposure to these environmental hazards.

58. That despite notice and complaints being given to Defendants for over nine years of these hazardous conditions existing at the Golden Gate Village, **MARIN COUNTY DOE DEPARTMENT OF ENVIRONMENAL HEALTH EMPLOYEES deliberately chose not to** investigate and stop, nor enforce any environmental laws to safeguard the Plaintiffs from these hazardous conditions.

59. That as a result of their intentional failure to act, the Defendants were deliberately indifferent to the Plaintiffs' Constitutional Rights and the Plaintiffs were placed in "state created danger" by this failure to act.

60. It is alleged based on knowledge and belief that Marin County through its employees at the Department of Environmental Health have engaged in the intentional non-investigation of environmental violations and non-enforcement of environmental laws designed to protect the Plaintiffs and that this conduct or practice has been taking place for the last 9 years and that Marin County has known of this practice and has ratified this conduct as an official custom or practice.

61. Plaintiffs are informed and believe that Marin County has sanctioned and ratified its Department of Environmental Health, including in this case; failed to train and supervise its employees to ensure they conduct proper investigations and environmental protections under the color of the law; and acted with deliberate indifference in failing to properly train its employees

1  or to adopt policies necessary to prevent such constitutional violations. These violations are

2  compensable pursuant to 42 U.S.C. § 1983.

3                                  **SIXTH CLAIM**

4  (**Negligence – Against MARIN COUNTY DOE DEPARTMENT OF ENVIRONMENAL
   HEALTH EMPLOYEES and Does 1 to 100**)

5       62. By virtue of the foregoing, Defendants owed Plaintiffs a duty of due care and that this

6  duty was breached by the Defendants' failure to exercise due care in to investigate and stop the

7  environmental hazards (rodent infestation, the non clean up of trash receptacles, extreme levels

8  of mold, etc..) that were created by the Marin Housing Authority, Lewis Jordan and Bernadette

9  Stuart and to enforce all environmental laws to safeguard the Plaintiffs from exposure to these

10 environmental hazards.

11      63. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiffs

12 were injured as set forth above and are entitled to compensatory damages according to proof at

13 the time of trial.

14      64. Defendants are liable for all injuries caused by their acts, to the same extent as a private

15 person pursuant to California Government Code Section 820(a).

16      65. Defendants as public employees are not exonerated or immune from liability for

17 negligence for causing the Plaintiff to suffer harm pursuant to California Government Code

18 Section 820.8.

19      66. Because Defendants were acting as employees of Marin County at the time of the

20 incident, and because they were acting within the scope and course of their employment and

21 under the direct control and supervision of Marin County at the time of the incidents in question,

22 Marin County is liable to the Plaintiffs for negligence pursuant to California Government Code

23

§815.2.

## INJUNCTIVE RELIEF

### (Against MARIN HOUSING AUTHORITY LEWIS JORDAN, BERNADETTE STUART and Does 1 to 100)

67. PLAINTIFFS and class members hereby incorporate allegations contained in the preceding paragraphs, as though fully set forth herein.

68. DEFENDANTS, and each of them, are aware that Demolishing or otherwise rendering uninhabitable any portion or unit comprising Golden Gate Village will lead to the involuntarily relocation of plaintiffs from Golden Gate Village and that any relocation activities will fail to affirmatively further fair housing or have a disparate impact on African Americans, women, and families with children in Marin County.

69. PLAINTIFFS have repeatedly demanded that DEFENDANTS stop any plans of demolishing or otherwise rendering uninhabitable any portion or unit comprising Golden Gate Village which will lead to the involuntarily relocation of plaintiffs from Golden Gate Village and that any relocation activities will fail to affirmatively further fair housing or have a disparate impact on African Americans, women, and families with children in Marin County, but DEFENDANTS have ignored PLAINTIFFS' demands.

70. PLAINTIFFS have suffered and will continue to suffer irreparable injury unless and until this Court enjoins DEFENDANTS from continuing their wrongful conduct. DEFENDANTS' wrongful conduct is ongoing and threatens to be continued in the future.

71. PLAINTIFFS have no adequate remedy at law for the injuries suffered. An award of monetary damages would not provide an adequate remedy because money damages cannot

replace safety, health and the threat of racially impacted displacement confirmed now at Golden Gate Village.

72. An INJUNCTION is the only remedy available to PLAINTIFFS to protect themselves, and the general public.

WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS respectfully request that this Court:

A. Declare that the acts and omissions of the defendants, as set forth above, violate Section 18 of the United States Housing Act of 1937, 42 U.S.C. § 1437p, and its implementing regulations;

B. Enter a temporary restraining order and a preliminary and permanent injunction, without bond or upon a nominal bond, enjoining defendants from: (1) Demolishing or otherwise rendering uninhabitable any portion or unit comprising Golden Gate Village; (2) Involuntarily relocating plaintiffs from Golden Gate Village; (3) Engaging in any relocation activities with respect to plaintiffs that fail to affirmatively further fair housing or have a disparate impact on African Americans, women, and families with children;

C. Enter an order for Marin Housing Authority and the County of Marin to affirmatively undertake timely repairs of the habitability violations.

D. Enter an order requiring Defendants to pay plaintiffs' reasonable costs and the attorneys' fees for the prosecution of this action in accordance with 42 U.S.C. § 1988.

E. Enter an order granting attorney's fees per the private attorney general remedies under California law.

F. Plaintiffs are awarded the amount of $200,000,000 for their pain and suffering.

G. Grant plaintiffs such further relief as this Court deems just and proper.

Date: August 4, 2020

LAW OFFICE OF STANLEY GOFF

_____/s/ STANLEY GOFF_____
STANLEY GOFF
Attorney for Plaintiffs

23