UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYCE MCLEMORE,<br><br>Plaintiff,<br><br>v.<br><br>MARIN HOUSING AUTHORITY, et al.,<br><br>Defendants. | Case No. 20-cv-05431-JD<br><br>**ORDER RE MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 18, 19 |

A putative class of current and former residents of the Golden Gate Village Public Housing Project have sued Marin County (the County), the Marin Housing Authority (MHA), and several County and MHA employees under a variety of state and federal laws, including 42 U.S.C. § 1983, for race discrimination and habitability claims. The residents seek monetary damages, as well as declarative and injunctive relief. This order resolves a motion to dismiss filed by the County, Dkt. No. 18, and a separate motion filed by the MHA and its employees, who are jointly represented, Dkt. No. 19.[1] The County's motion is granted, and the MHA's motion is granted and denied in part.

## BACKGROUND

The parties' familiarity with the record is assumed. The first amended complaint is not always clear and direct, but the salient allegation is that defendants did not adequately respond to unsafe and unclean conditions at Golden Gate Village, such as "outdated electrical subpanels,"

---

[1] Individual defendant Bernadette Stuart, the property manager of the MHA, answered the residents' initial complaint and cross-claimed for indemnity against the other defendants. Dkt. No. 14. She did not file a renewed response to the amended complaint, but the MHA raises arguments for dismissal on her behalf to the extent she is being sued as its employee. Dkt. No. 19 at 2.

unheated bathrooms, and an "active rodent infestation and mold." Dkt. No. 16 ¶ 21. Defendants are said to have allowed Golden Gate Village to fall into disrepair "so as to justify [its] demolition," in violation of the residents' federal due process rights. *Id.* ¶¶ 24, 30. Plaintiffs contend that "African American families, who comprise 58%" of Golden Gate Village, "are suffering racial discrimination in housing and community development opportunities." *Id.* ¶ 26. They also say that demolition of Golden Gate Village will displace and disparately impact "African Americans, racial minorities, female-headed households and families with children." *Id.* ¶ 58.

The residents allege four claims against all defendants: one claim for "non-habitable conditions" under California Civil Code § 1941.1; two claims for violations of the Housing Act of 1937; and one disparate impact claim under the Fair Housing Act, 42 U.S.C. § 3604. The residents allege two claims against the County's Environmental Health Services division and its employees: a Section 1983 claim for failure to "enforce all environmental laws to safeguard the [residents] from exposure to these environmental hazards," which the residents say constitutes deliberate indifference to their Fourteenth Amendment rights; and a negligence claim for the failure "to investigate and stop the environmental hazards." *Id.* ¶¶ 61, 66. A seventh claim for "injunctive relief" is listed in the caption of the complaint, but is not stated separately as a cause of action in the body of the complaint. *See id.* ¶¶ 71-76.

**LEGAL STANDARD**

Straightforward standards govern the application of Rule 12(b)(6). To meet the pleading requirements of Rule 8(a) and to survive a Rule 12(b)(6) motion to dismiss, a claim must provide "a short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim . . . that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**DISCUSSION**

**I.      THE MARIN COUNTY CLAIMS.**

The County's main argument in support of dismissal is that it is not liable for the actions of the MHA because they are separate legal entities. Dkt. No. 18 at 2-3. The MHA is a public corporation created under California Health & Safety Code §§ 34240 *et seq.*, and is governed by an independent board of commissioners, *id.* § 34271. It is well-established in California that a housing authority is a separate state agency and "not an agent of the city in which it functions." *Hous. Auth. of City of L.A. v. City of L.A.*, 38 Cal. 2d 853, 861-62 (1952); *see also San Diegans for Open Gov't v. City of San Diego*, 242 Cal. App. 4th 416, 436 (2015) (a housing authority is a public entity "legally separate from the City").

The County and its unnamed employees are not the plausible defendants for the residents' first four claims, which are targeted at habitability and discrimination issues at Golden Gate Village. The County does not legally own, rent, manage, or control the Village in any way. The amended complaint does not allege any facts indicating that it does, and the residents apparently concede the point by not addressing the County's argument in their opposition brief. *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (plaintiff abandoned claims "by not raising them in opposition to the County's motion.").

Consequently, the first through fourth claims are dismissed as a matter of law. While the Court typically gives plaintiffs an opportunity to amend, the separate entity issue is a matter of law, and so amendment would be futile. *See Monie v. Lewis*, No. 17-CV-03996-JD, 2018 WL 10436645, at *2 (N.D. Cal. Feb. 8, 2018). The dismissal is with prejudice.

The residents' deliberate indifference claim, which is brought solely against the County and its employees (the fifth claim), also warrants dismissal. Plaintiffs allege that the County ignored "environmental health issues plaguing Golden Gate village despite being put on notice," and that this constituted deliberate indifference to the residents' "Constitutional Rights" because the County placed them in a "state created danger" through inaction. Dkt. No. 16 ¶¶ 25, 63.

The problem for plaintiffs is that the County had no duty to remedy the conditions at Golden Gate Village because the property was not under its control or care. *See Martinez v. City*

3

*of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019). Consequently, it had no duty to protect or safeguard the residents with respects to their complaints about conditions of habitability.

The residents ask for a different conclusion on the basis of a state-created danger exception. Dkt. No. 20 at 2. Under this exception, a state actor may be "constitutionally required to protect a plaintiff that it affirmatively places in danger by acting with deliberate indifference to a known or obvious danger." *Martinez*, 943 F.3d at 1271 (cleaned up). But the amended complaint does not plausibly allege facts that might support an application of the exception. It alleges only that the County did not investigate the complaints about hazards, and did not enforce "environmental laws," which are left unidentified. Dkt. No. 16 ¶ 66. That is not enough to establish a state-created danger. *See Pauluk v. Savage*, 836 F.3d 1117, 1124 (9th Cir. 2016) (deliberate indifference requires affirmative conduct by a state actor that places the plaintiff in a "worse position than that in which he would have been had [the state] not acted at all.") (internal quotations and citation omitted).

The residents' reliance on *Wood v. Ostrander*, 879 F.2d 583, 588 (9th Cir. 1989), does not salvage this claim. *Wood* applied the exception to a situation in which a state police officer left a female a passenger stranded late at night in a known high-crime area after a traffic stop, and she was raped after accepting a ride home from a passing car. *Id.* No similar circumstances are alleged here. To the contrary, the residents say that the environmental hazards "were created by the Marin Housing Authority" and its employees, not the County. Dkt. No. 20 at 3.

Consequently, the fifth claim is dismissed with leave to amend. The residents will have an opportunity to allege affirmative conduct, the facts permitting.

The residents' negligence claim (the sixth claim) is also dismissed. They did not allege that they filed a claim pursuant to the California Tort Claims Act (CTCA), Cal. Gov. Code §§ 905 *et seq.*, which "requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part." *Mangold v. Cal. Public Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *State v. Sup. Ct. (Bodde)*, 32 Cal. 4th 1235, 1240 (2004). Under the CTCA, the residents "must allege facts demonstrating or excusing

4

compliance with the claim presentation requirement.  Otherwise, [the] complaint is subject to [dismissal]." *Bodde*, 31 Cal. 4th at 1243.

The residents say that they lodged complaints with the County's Environmental Health Services division, Dkt. No. 16 ¶¶ 17-18, but did not state whether those complaints were in writing, or how the County responded to them.  The residents say in the opposition brief that they "placed a tort claim in the mail to the Defendants," Dkt. No. 20 at 6, but "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss" for additional factual allegations.  *Schneider v. Cal. Dep't Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original).

There is another reason to dismiss this claim.  The County and its employees are entitled to statutory immunity.  The residents identify Section 815.2 as a basis for the County's vicarious liability in the amended complaint, Dkt. No. 16 ¶ 70, which provides that a public entity "is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment," Cal. Gov. Code § 815.2(a).  But liability does not attach to a public entity under Section 815.2(b) "where the employee is immune from liability," and Section 821.4 immunizes public employees for any injuries allegedly caused by their "failure to make an inspection" or by their negligent inspection "of any property . . . for the purpose of determining whether the property complies with or violates any enactment or contains or constitutes a hazard to health or safety." Cal. Gov. Code §§ 815.2, 821.4; *see also Stevenson v. S.F. Hous. Auth.*, 24 Cal. App. 4th 269, 279-80 (2007).

Dismissal of the sixth claim is with leave to amend.  The residents will have an opportunity to allege facts plausibly establishing compliance with the CTCA's exhaustion requirement, and to identify a plausible statutory basis for liability.

**II.   THE MHA CLAIMS.**

Overall, the MHA presented scant grounds for dismissal of the claims against it.  The MHA says that the residents' claims are barred by the CTCA's exhaustion requirement, but that requirement does not apply to the federal Section 1983 and Fair Housing Act claims.  *See Bodde*,

32 Cal. 4th at 1240 (the Supremacy Clause precludes the application of the CTCA's exhaustion requirement to federal causes of action). The second, third, and fourth claims against the MHA will go forward.

A different outcome is warranted for the first claim of "non-habitable conditions" under California Civil Code Section 1941.1, which is subject to the CTCA. *See Hart v. Alameda Cnty.*, 76 Cal. App. 4th 766, 778 (1999) (exhaustion requirement applies in all actions "where the plaintiff is seeking monetary relief, regardless of whether the action is founded in tort, contract, or some other theory") (internal quotations omitted); *Lozada v. City & Cnty. of San Francisco*, 145 Cal. App. 4th 1139, 1152 (2006) (exhaustion requirement applies to claims for "breach of statutory duties"). The residents' allegation that they "have lodged numerous complaints" with MHA employees since 2011, Dkt. No. 16 ¶¶ 17-18, is again not enough for CTCA purposes; so too for the facts presented for the first time in an opposition brief, *see* Dkt. 22 at 4 (claiming residents "filed a tort claim against Marin Housing Authority in the mail in August of 2020"). The Section 1941.1 claims is dismissed with leave to amend.

Although the MHA argues that it is "improper and functionally useless" for the residents to sue both the MHA and its individual employees, this is not grounds for dismissal of the individual employees as defendants. *See* Dkt. No. 19 at 7. The MHA says that the residents "have foreclosed any possibility for Employee Defendants to be held individually liable" because they also assert a theory of the MHA's vicarious liability in the amended complaint. *Id.* This misunderstands the statutory scheme, which expressly provides for both individual and vicarious liability. Cal. Gov. Code §§ 820 (individual liability of public employees) and 815.2 (vicarious liability of public entities). Under the CTCA, "the general rule is that an employee of a public entity is liable for his torts to the same extent as a private person and the public entity is vicariously liable for any injury which its employee causes to the same extent as a private employer." *See C.A. v. William S. Hart Union Sch. Dist.*, 53 Cal. 4th 861, 868 (2012) (internal quotations and citations omitted). There is no ironclad rule that the MHA and its employees cannot be sued for the same claims, *see id.* at 865-66, and naming both an employer and its

employees as defendants is not the contradiction or "elephant in the room" that the MHA says it is, *see* Dkt. No. 23 at 2.

The MHA's remaining contention, made for the first time in a reply brief, is that its employees are entitled to statutory immunity to the extent they are sued in an official capacity. Dkt. No. 23 at 3. While new arguments in a reply are highly disfavored, and the Court generally does not consider them, it is worth noting for the sake of moving this case along that statutory immunity does not apply to the federal claims (second through fourth claims) against the MHA employees. *See Martinez v. California*, 444 U.S. 277, 284 (1980). The MHA does not say how any of the immunity provisions it cites -- Sections 818.2, 821.4, and 820.2 -- might immunize the employees from suit for the non-habitability claim.

## CONCLUSION

Claims one through four against the County are dismissed with prejudice. Claims five and six against the County are dismissed with leave to amend. Claim one against the MHA is dismissed with leave to amend.

**IT IS SO ORDERED.**

Dated: September 9, 2021

JAMES DONATO
United States District Judge